Shauck, J.
There appears to have been inadvertance in the preparation of the entry of judgment in the circuit court. If the court of common pleas enters a judgment or final order which .it is without jurisdiction to make, the circuit court has authority to reverse it, and that authority was substantially exercised in the present case when the circuit court ordered the dismissal of the appeal in the court of common pleas, notwithstanding the conclusion stated that it was without jurisdiction because the court of common pleas had been.
The material proposition advanced by counsel for the plaintiffs in error is, that the circuit court erred in the conclusion that the court of common pleas did not acquire jurisdiction to hear and determine the exceptions to the account of the administrators because of a fatal defect in the steps taken to perfect their appeal to that court from the probate court. In the opinion of the circuit court and the briefs of counsel supporting its judgment, that defect is said to be in the failure of the appellants to file with the clerk of the court of common pleas a complete transcript of the docket or journal entries of the probate court “on or before the second day of the term of said court next after an undertaking or notice is given,” that being the time fixed by section 6409 of the Revised Statutes, for such filing. This conclusion necessarily *356 implies both that the authenticated transcript consisting of the entry from the journal of the probate court overruling the exceptions, which was filed before the day specified, was not a sufficient transcript, and that it was not subject to effective amendment after that time. Without so deciding we assume that the authenticated transcript filed within the time, but containing the single entry showing the action of the probate court upon the exceptions, was not sufficient to bring that subject within the appellate jurisdiction of the court of common pleas. The question then is, whether such partial transcript duly authenticated and filed within the time required by the statute, may be effectively amended by filing a duly authenticated transcript of the remaining entries after that time. An affirmative answer to this' question appears in every case where upon suggestion of the diminution of the record in an appellate court that court has ordered the filing of a complete transcript. Whether this incident of appellate jurisdiction is conferred or preserved by section 5114 of the Revised Statutes regulating amendments, its existence is made apparent by numerous constructions of that section and by familiar practice since its enactment. It was originally enacted as section 137 of the Code of Civil Procedure. It is not necessary to resort to inference from the variety of amendments which it has been held to authorize since in Johnson v. Johnson, Executor, 31 Ohio St., 131, it was held to authorize the amendment of proceedings for an appeal from the probate court to the court of common pleas on exceptions to the account of an executor.
The opinion of the circuit court in the present case shows that its conclusion was much influenced by the first section of the syllabus in Bank v. Moderwell, *357 59 Ohio St., 221. It is true that the subject of that section was a proceeding in error in this court and. particularly the requirement of section 6716 of the Kevised Statutes, that in lieu of a transcript of the final record there may be filed in this court with the petition in error “a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to exhibit the. error complained of.” But the difference does not appear to be important with reference to the present question, since both sections require a transcript of the docket and journal entries. Furthermore, it is true alike of appeals and proceedings in error that, being statutory, they are to be taken substantially according to the statutes by which they are authorized. The similarity of the proceedings in this respect results, necessarily, from the provisions of the constitution, the fourth section of the fourth article giving to the court of common pleas only such jurisdiction as may be fixed by law, and the second and sixth sections of the same article making a like provision with respect to the appellate jurisdiction of this court and the circuit court. With respect to the question before us the proceedings by which resort is had to a court of superior jurisdiction are appellate whether by a petition in error for the reversal of the judgment of the inferior court for error appearing upon its record, or by appeal with a view7 to a trial de novo. But though such proceedings are statutory it does not follow7 that the statutes by which they are authorized should be construed in a spirit of hostility, for they are, in the most obvious sense, remedial. In the Bank v. Moderwell et al., there were two motions : One by the defendant in error to dismiss the *358 petition in error for want of a sufficient transcript of the record to be reviewed; the other by the plaintiff in error for leave to amend the certificate of the clerk authenticating the transcript which had been filed within the time prescribed, the only defect in the transcript being in the certificate of authentication. Obviously the granting of the latter motion would supersede the consideration of the former, and the latter motion was granted. The only point, therefore, that was decided in the case was that under the provisions of section 5114 of the Revised Statutes, the transcript was subject to amendment with respect to the defective certificate. The correctness of that conclusion does not appear to be doubted, nor are we aware of any reason for doubt respecting it. Since the preparation and authentication of transcripts are duties imposed upon the probate judge and the clerk of the court of common pleas, no reason appears for applying different rules to different parts of the transcripts which they prepare in the discharge of their official duties, and the reasons assigned for the conclusion reached in the case might well be considered as applying to other portions of the transcript. The case did not require any limitation to the meaning of section 6731, Revised Statutes :
“Writs of error and certiorari to reverse, vacate, or modify judgments or final orders in civil cases are abolished; but courts shall have the same power to compel transcripts of the proceedings containing the judgment or final order sought to be reversed, to be furnished, completed, or perfected, as they heretofore had under writs of error and certiorari ”
*359 Nor was it intended to disapprove the following cases, or any of them: Doty v. Rigour, 9 Ohio St., 519; Johnson v. Johnson, 31 Ohio St., 131; Godfred v. Godfred, 30 Ohio St., 53.
The consideration of the case did not lead to any doubt respecting the proposition of the syllabus in Doty v. Rigour, supra, “that amendments may-be made at any time before a suggestion of diminution of record would be too late; that is, at any time before final adjudication on error.”
In cause number 6396 on the docket of this court, Brigel v. Kittredge, 65 Ohio St., 576, a motion was made by the plaintiffs in error, after the time limited for the filing of a petition in error, for leave to amend the transcript filed here by supplying an additional entry from the record of the court below, and also filing here a motion for a new trial, which had been filed.there. The motion was resisted upon the authority of the Bank v. Moderwell, supra. It was, on the 26th of September, 1901, unanimously sustained by this court with respect to the additional entry, though overruled otherwise.
Being aware that the report of that case has occasioned embarrassment, not only in the case now under review, but in others, we have thought it advisable to repeat “our endeavor to state in the syllabus the points of law arising upon the facts of that case” by limiting it to the proposition decided: A petition in error with an authenticated transcript of the docket and journal entries having been filed in this court with a petition in error and with the necessary original papers within the time limited by statute, a material defect in the certificate of authentication may, under favor of section 5114 of the Re *360 vised Statutes, be corrected by amendment after that time.

Judgment of the circuit court reversed and cause remanded for the consideration of the errors assigned in the petition in that court.

Burket, Spear, Davis and Price, JJ., concur.